**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAJOR JASON SCHAFER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.: 5:22-cv-04518-JMG** |
| **v.** | : | |
| | : | |
| **CITY OF ALLENTOWN, MAYOR** | : | |
| **RAY O'CONNELL (FRMR) &** | : | |
| **HR DIRECTOR MELONEY SALLIE-** | : | |
| **DOSUNMU (FRMR),** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS CITY OF ALLENTOWN AND MELONEY SALLIE-DOSUNMU'S**
**BRIEF IN SUPPORT OF THEIR  PARTIAL**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

<u>**TABLE OF CONTENTS**</u>

I.    PROCEDURAL HISTORY ................................................................................................ 3

II.   FACTUAL BACKGROUND ........................................................................................... 3

III.  QUESTION PRESENTED .............................................................................................. 4

IV.   ARGUMENT ................................................................................................................... 5

   A.  Legal Standard ............................................................................................................ 5

   B.  Mr. Schafer's Section 1983 Claim (Count III) Must be Dismissed for Failing to State
   a Claim ............................................................................................................................... 6

   C.  Mr. Schafer's "Violation of Fourteenth Amendment of the United States
   Constitution" Claim (Count IV) Fails to State a Claim Upon Which Relief Can be
   Granted ............................................................................................................................. 10

   D.  Mr. Schafer's Wrongful Discharge Claim (Count V) Must be Dismissed for Failing
   to State a Claim Upon Which Relief Can be Granted ..................................................... 11

V.   CONCLUSION ............................................................................................................... 15

## I.   PROCEDURAL HISTORY

On November 10, 2022, Plaintiff, Major Jason Schafer ("Mr. Schafer"), initiated this action against Defendants, City of Allentown (the "City"), Former Mayor Ray O'Connell ("Mayor O'Connell"), and Former HR Director, Meloney Sallie-Dosunmu ("Ms. Sallie-Dosunmu"). (ECF 1). The City and Ms. Sallie-Dosunmu shall hereinafter be referred to collectively as "Moving Defendants."

Mr. Schafer filed an Amended Complaint on November 27, 2022, bringing claims for Discrimination and Retaliation in violation of Uniformed Services Employment and Re-Employment Act, 38 U.S.C. § 4301, *et seq*. ("USERRA") and the Pennsylvania Military Leave of Absence Act, 51 Pa. C.S. § 7301, *et seq*. ("PMAA") (Counts I and II), Section 1983 purported procedural due process violation (Count III), violation of the Fourteenth Amendment to the United States Constitution (Count IV) and Wrongful Discharge in Violation of Pennsylvania Public Policy (Count V). (ECF 3). The Moving Defendants now timely file their Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   FACTUAL BACKGROUND

Mr. Schafer began working for the City in July of 2010 as a TIS Operations Manager. ACOM at ¶ 15. In October 2019, Mr. Schafer became a Network Manager until his termination in May of 2021. *Id*. Beginning on June 18, 2015, Mr. Schafer served continuously as a Commissioned Officer in the Pennsylvania Air National Guard ("PAANG"). *Id*. at ¶ 17. Mr. Schafer also served as a Medical Service Corps Officer with an additional duty as the Officer in Charge of the Base Honor Guard. *Id*. at ¶ 18. Throughout Mr. Schafer's tenure with the City, he was required to report for military duty for providing and receiving on-going professional developmental and military readiness training pursuant to mandatory orders given by the Air Force. *Id*. at ¶ 19. From June

2015 until Mr. Schafer's termination, he was ordered to military duty on fourteen (14) occasions, spanning a total of 478 days. *Id*. at ¶ 20.

In November of 2018, Mr. Schafer took a mandatory Military Leave of Absence to go on Active Duty with the Air Force. *Id*. at ¶ 22. Mr. Schafer returned in October of 2019 and allegedly was demoted and replaced by a non-military employee. *Id*. at ¶ 23. After Mr. Schafer returned to work at the City, Mr. Schafer was pending orders for additional training on or about November/December 2019. *Id*. at ¶ 28. Mr. Schafer at some point allegedly suffered a traumatic brain injury. *Id*. at ¶ 29.

In April of 2020, Mr. Schafer was ordered for additional military duty with the Pennsylvania Air National Guard. *Id*. at ¶ 30. Mr. Schafer went on a military leave of absence for 41 days and then returned to work with the City. *Id*. Mr. Schafer was ordered for military duty in September of 2020 requiring one (1) week of military leave before returning to work for the City. Id. at ¶ 31.

Mr. Schafer alleges that on or about April or May of 2021, he gave early notice to the City of pending orders beginning in June 2021. *Id*. at ¶ 32. Mr. Schafer alleges that following providing notice of his need for military leave, he was terminated by the City on May 24, 2021. *Id*. at ¶ 33.

### III.   **QUESTION PRESENTED**

    **A.** WHETHER MR. SCHAFER'S SECTION 1983 PROCEDURAL DUE PROCESS CLAIM (COUNT III) MUST BE DISMISSED FOR FAILING TO STATE A CLAIM?

    **Suggested Answer**: Yes.

    **B.** WHETHER MR. SCHAFER'S CLAIM OF VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (COUNT IV) MUST BE DISMISSED FOR FAILING TO STATE A CLAIM?

    **Suggested Answer**: Yes.

    **C.** WHETHER MR. SCHAFER'S WRONGFUL DISCHARGE CLAIM (COUNT V) MUST BE DISMISSED FOR FAILING TO STATE A CLAIM?

    <u>**Suggested Answer**</u>: **Yes.**

**IV.**   <u>**ARGUMENT**</u>

    **A.** <u>**Legal Standard**</u>

In deciding whether to grant or deny a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted); *see also,*

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (noting that a plaintiff's factual

allegations must be enough to raise the right to relief above the speculative level).

Further, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that "a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." 566 U.S. at 678.

The *Iqbal* Court went on to specifically highlight the two principles which underpinned its

decision in *Twombly*. First, for the purposes of a motion to dismiss, courts must accept as true all

factual allegations set forth in the complaint, but courts are not bound to accept as true any legal

conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678; *see also, Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific analysis, drawing on the court's judicial experience and common sense.  *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 211.  Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not shown - that the complainant is entitled to relief.  *Iqbal*, 556 U.S. at 678.

This means that a court's inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

B.   **Mr. Schafer's Section 1983 Claim (Count III) Must be Dismissed for Failing to State a Claim**

Mr. Schafer brings a Section 1983 claim purportedly based upon an alleged violation of his claimed procedural due process rights. Mr. Schafer alleges that he had a property interest in his employment with the City and he was not provided with notice or hearing prior to his termination. ACOM at ¶¶ 71, 77. Mr. Schafer's Section 1983 action must be dismissed as he did not have a property interest in his continued employment with the City.

Section 1983 "is not itself a source of substantive rights but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979). To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated Mr. Schafer's federal constitutional or statutory rights, and thereby caused the complained of injury. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998).

The Fourteenth Amendment to the United States Constitution prohibits deprivations "of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. The first step in analyzing a due process claim is to determine whether the "asserted individual interest… [is] encompassed within the Fourteenth Amendment's protection of life, liberty or property." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Here, Mr. Schafer claims that he possessed a property interest in his job with the City that entitled him to due process protections of notice and a hearing prior to termination. *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

To have a property interest in a job, however, a person must have more than a unilateral expectation of continued employment; rather, he must have a legitimate entitlement to such continued employment. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). State law determines whether a property interest in continued employment exists. *Brown v. Trench*, 787 F.2d 167, 170 (3d Cir. 1985); *Kelley v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997) ("State law creates property rights protected by the Fourteenth Amendment."). In the Commonwealth of Pennsylvania, a "public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee at-will." *Scott v. Phila. Parking Auth.,* 402 Pa. 151, 166 A.2d 278, 280 (1960).

Here, Mr. Schafer claims that he has a property interest in his employment with the City based on the City's "Home Rule Charter" and its "Personnel Code." *See* ACOM at ¶¶ 71, 77, 84, 85, 86. Mr. Schafer claims that the City's Personnel Code's progressive disciplinary policy somehow overrides the at-will employment relationship and provided him with a legitimate entitlement to continued employment sufficient to have created a property interest in his job. Mr. Schafer's argument is not convincing for several reasons.

First, Mr. Schafer was hired by the City as an at-will employee. *See* Schafer Offer Letter, attached hereto and incorporated by reference as Exhibit "A."[1] Mr. Schafer's offer letter states "your employment with the City is at-will and neither this letter nor any other oral or written representations may be considered a contract for any specific period of time." *Id*. Further, the Personnel Code that Mr. Schafer claims confers upon him a property interest in his employment states explicitly in the Introduction Section 80-1(d): "Nothing herein shall be construed or interpreted to alter the at-will employment relationship." *See* Section 80-1 and 80-2 of Personnel Code, attached hereto and incorporated by reference as Exhibit "B." Additionally, Section 80-2(c) of the Personnel Code states "The policies herein do not constitute an employment contract or any expectation of or right to continue employment. City employees are considered at-will employees unless employment rights are conferred under a collective bargaining agreement or civil service." *Id*. Mr. Schafer has not alleged that he is a member of a collective bargaining unit or a civil service employee.

Moreover, a local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for doing so. *See Stumpp v. Stroudsburg Mun. Auth.*, 540 Pa. 391, 658 A.2d 333, 334 (1995); *Perri v. Aytch*, 724 F.2d 362, 264 (3d Cir. 1983); *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir. 1977); *Appeal of Gagliardi*, 401 Pa. 141, 163 A.2d 418, 419 (1960) ("A municipality is a creature of the state and possesses only such powers of government as are expressly granted to it and as are necessary to carry the same into effect."). As the Pennsylvania Supreme Court has stated, "'[t]enure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it

---

[1] A document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

exists, a matter of legislative grace.'" *Stumpp*, 658 A.2d at 334 (quoting Scott, 166 A.2d at 280).[2] Absent explicit enabling legislation from the Pennsylvania General Assembly, the City cannot employ workers on anything but an at-will basis. *Cooley v. Pa. Hous. Fin. Agency*, 830 F.2d 469, 471 (3d Cir. 1987), *called into question on other grounds by*, *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 n.12 (3d Cir. 1991). Mr. Schafer has not alleged any enabling legislation specifically conferring tenure to his position with the City nor is the City aware of any. As such, Mr. Schafer has failed to plausibly plead a property interest in his continued employment.

This action is similar to *Elmore v. Clearly*, where a former township office manager was terminated from her position and brought a Section 1983 claim against the township claiming procedural due process violations. 399 F.3d 279 (3d Cir. 2005). The plaintiff in *Elmore* claimed that she had a property interest in her continued employment with the township based on a personnel policy handbook stating that the township would take no disciplinary action against an employee without just cause. *Id*. at 282. The Third Circuit rejected the plaintiff's argument as to a property interest in her employment and found, consistent with *Stumpp*, that absent legislation conferring a property right, the plaintiff served in her position on an at-will basis. *Id*. at 283; *see also, Maloney v. City of Bethlehem, Penn.*, 2014 WL 6698311, at *10 (E.D. Pa. Nov. 26, 2014)(Perkin, M.J.) (dismissing plaintiff's procedural due process claim where plaintiff was unable to point to legislation specifically conferring tenure to her former position).

Accordingly, Mr. Schafer has failed to plausibly allege a violation of his procedural due process rights as he had no property interest in his employment with the City. As such, this Honorable Court must dismiss Count III Mr. Schafer's Amended Complaint, with prejudice.

---

[2] Examples of legislative grace whereby the Pennsylvania General Assembly has precluded the dismissal of public employees on a summary basis include the Civil Service Act, *see* 71 Pa. C.S. § 741.1 *et seq*., and the Public School Code of 1949, *see* 24 Pa. C.S. §1-101 *et seq*.

**C. Mr. Schafer's "Violation of Fourteenth Amendment to the United States Constitution" Claim (Count IV) Fails to State a Claim Upon Which Relief Can be Granted [3]**

Mr. Schafer purportedly brings two separate Counts (Count III and IV) for alleged violations of his procedural due process rights premised on his alleged property interest in his employment with the City. Mr. Schafer's "Violation of Fourteenth Amendment to the United States Constitution" claim must be dismissed as there is no private right of action under the Fourteenth Amendment to the U.S. Constitution and Count IV is duplicative of his Section 1983 claim (Count III).

Count IV of Mr. Schafer's Amended Complaint must be dismissed as there exists no private cause of action under the 14th Amendment to the United States Constitution. *See Hammond v. Creative Financial Planning Organization, Inc.*, 800 F.Supp. 1244, 1248 (E.D. Pa. 1992) (dismissing claim for "violation of 14th Amendment Rights" stating that "the Supreme Court has never held that there is an implied private right of action against a state, or a state actor, under the Fourteenth Amendment"). In order to bring an alleged procedural due process claim under the Fourteenth Amendment of the United States Constitution, a plaintiff must bring that claim under Section 1983 which provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Hammond*, 800 F.Supp. at 1248 ("the Court need not break new legal ground by deciding whether there is an implied right of action under the Fourteenth Amendment because 42 U.S.C. § 1983 provides a remedy for violations of these rights.").

---

[3] To the extent this Honorable Court does not dismiss Count IV of Mr. Schafer's Amended Complaint consistent with the reasoning discussed in Section IV, C, *infra*, this Honorable Court must dismiss Count IV for the same reasons as articulated with respect to Mr. Schafer's Section 1983 claim (Count III).

Accordingly, Count IV of Mr. Schafer's Amended Complaint must be dismissed for failing to state a claim upon which relief can be granted.

Additionally, Count III and Count IV of Mr. Schafer's Amended Complaint are duplicative of one another as they both purport to bring procedural due process claims based upon Mr. Schafer's termination of employment based on an alleged property interest in his employment with the City. *See* ACOM at Counts III and IV. To the extent this Honorable Court does not dismiss Count IV for failing to state a claim, it must dismiss Count IV as duplicative of Count III.

### D. <u>Mr. Schafer's Wrongful Discharge Claim (Count V) Must be Dismissed for Failing to State a Claim Upon Which Relief Can be Granted</u>

In Count V of Mr. Schafer's Amended Complaint, he brings a Wrongful Discharge in violation of public policy claim under Pennsylvania common law. Mr. Schafer's Wrongful Discharge claim must be dismissed due to the availability of a statutory remedy for the same alleged conduct.

Under Pennsylvania law, employers may terminate at-will employees with or without cause. *Hicks v. Arthur*, 843 F.Supp. 949, 956 (E.D. Pa. 1994) (citing *Freeman v. McKellar*, 795 F.Supp. 733, 741 (E.D. Pa. 1992)). An exception to the at-will doctrine exists when an employee has been terminated in violation of a "significant, clearly mandated public policy." *Id*. at 957. In Count V of his Amended Complaint, Mr. Schafer alleges that he was wrongfully discharged in violation of public policy for exercising his legal rights and legal obligations under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Pennsylvania Military Leave of Absence Act ("PMAA"). ACOM at ¶ 108. Mr. Schafer cannot bring a claim for wrongful discharge under the exception to the at-will doctrine because he has an existing statutory remedy under USERRA.

11

The "wrongful discharge action in Pennsylvania was judicially created to protect otherwise unprotected employees from indiscriminate discharge…" *Burns v. Salem Tube, Inc*., 381 F.App'x 178, 183 (3d Cir. 2010) (citing *Geary v. U.S. Steel Corp*., 456 Pa. 171, 319 A.2d 174 (Pa. 1974)). However, it is well-established that "terminated employees may invoke the public policy exception **only in the absence of any applicable statutory remedy**." *Kent v. Keystone Human Servs*., 57 F.Supp.3d 565, 568 (M.D. Pa. 2014) (citing *Weaver v. Harpster*, 601 Pa. 488, 975 A.2d 555, 568 n.10 (Pa. 2009)) (emphasis added); *see also, Gannon v. Nat'l R.R. Passenger Corp*., 2004 WL 1175817, *3 n.1 (E.D. Pa. May 27, 2004) (granting motion to dismiss because USERRA provides for its own statutory remedy, which includes damages and equitable relief and, therefore, the public policy exception to Pennsylvania's employment at-will doctrine does not apply); *Cruz v. Pennridge Regional Police Dept*., 2003 WL 21742015, at *8 (E.D. Pa. July 29, 2003) (dismissing wrongful termination claim because the Pennsylvania Human Relations Act, Title VII of the Civil Rights Act and Section 1981 provided plaintiff with statutory remedies for her claims); *Murphy v. SEPTA*, 1993 WL 313133, at * 3 (E.D. Pa. Aug. 9, 1993) (holding that rather than bring an action under the violation of public policy rubric, plaintiff's remedy was to seek enforcement of his statutory rights and since he was at all times protected by statutory remedies, he could have no cause of action for violation of public policy); *Holmes v. Pizza Hut of Am., Inc*., 1998 WL 564433, at *8 (E.D. Pa. Aug. 31, 1998) ("The only Pennsylvania cases applying public policy exceptions have done so where no statutory remedies were available."). "[T]he public policy exception embodies a residual category of situations where Pennsylvania public policy protects an individual employee … **but where no legislature has taken the affirmative step of enacting a law providing explicit protection to him or her.**" *Kent*, 68 F.Supp.3d at 568 (citing *Sola v. Lafayette Coll*., 804 F.2d 40, 42 (3d Cir. 1986)) (emphasis added).

Here, Mr. Schafer impermissibly seeks to avail himself of the public policy exception where a clear statutory remedy exists. His improper attempt to "double dip" by bringing a statutory claim and a wrongful discharge claim based on the same alleged conduct cannot be allowed. The USERRA and PMAA Discrimination and Retaliation claims in Counts I and II of the Amended Complain are based on Mr. Schafer's alleged retaliatory termination based upon his military service. ACOM at ¶¶ 56, 67. These same alleged facts also serve as the basis of his claim under the Pennsylvania Wrongful Discharge claim in Count V of the Amended Complaint. *See United States ex rel. Budike v. PECO Energy*, 897 F.Supp.2d 300, 327 (E.D. Pa. 2012) (where the facts underlying the wrongful discharge claim are identical to the facts underlying the statutory retaliation claim, the wrongful discharge claim will typically be preempted); *Cf. Katzenmoyer v. City of Reading, Pa.*, 158 F.Supp.2d 491, 504-05 (E.D. Pa. 2001) (in contrast, if the underlying facts are completely independent and unrelated to the allegations that fall within the statutory remedy, no preemption exists). As such, USERRA offers a statutory remedy to Mr. Schafer, which he pursues in Counts I and II. *See McAlee v. Independence Blue Cross*, 798 F.Supp.2d 601, 607 (E.D. Pa. 2011) (dismissing plaintiff's wrongful discharge claim in violation of public policy premised on the PMAA where there was availability of a remedy under USERRA).

Based on Mr. Schafer's Amended Complaint, he is likely to argue that he is permitted to bring both a USERRA and wrongful discharge claim premised on the same facts in accordance with the Western District of Pennsylvania case of *Hamovitz v. Santa Barbara Applied Research, Inc.*, 2010 WL 4117270 (W.D. Pa. Oct. 19, 2010). The *Hamovitz* case is clearly distinguishable from the instant matter. The plaintiff in *Hamovitz* brought a claim against defendants for their **failure to hire** him in an alleged violation of USERRA and an alleged violation of Pennsylvania common law. *Id*. at *1. In that case, the court recognized that plaintiff **was never employed** by

either Defendant. *Id*. at *3, n.3. As such, the Court held that "given the unique facts and circumstances of this particular case, the Court finds and rules that the Pennsylvania Supreme Court would recognize a **_refusal to hire claim_** in violation of public policy based on grounds covered by the PMAA." *Id*. at *6 (emphasis added). Unlike Mr. Schafer, the plaintiff in *Hamovitz* was not an employee of Defendants. As a result, the plaintiff in *Hamovitz* was not protected by USERRA. The narrow holding in *Hamovitz* based on its unique facts cannot be extended to the facts alleged by Mr. Schafer here. To do so would ignore the overwhelming authority of courts within this Circuit which have consistently held that wrongful discharge claims can only be brought by individuals who are at-will employees not covered by contract or statute.

Under the well-established precedent discussed above, the existence of a statutory remedy clearly bars Mr. Schafer from invoking the public policy exception to at-will employment as the basis of a wrongful discharge claim based on the same alleged conduct as his USERRA claim. As such, this Honorable Court must dismiss Count V of Mr. Schafer's Amended Complaint with prejudice.

V.      **CONCLUSION**

Based on the foregoing, Defendants, City of Allentown and HR Director Meloney Sallie-Dosunmu respectfully request that this Honorable Court grant their Motion and dismiss Counts III, IV, and V of Mr. Schafer's Amended Complaint with prejudice.

Respectfully submitted,

**HOFFMAN & HLAVAC**

By: *s/ Steven E. Hoffman*
            Steven E. Hoffman, Esquire
            Attorney ID # 63911
            Shanna R. Fegely, Esquire
            Attorney ID # 327266
            1605 N. Cedar Crest Blvd., Suite 517
            Allentown, PA  18104
            Direct# 484-408-6002
            Ph# 484-408-6001 Fax# 484-408-6018
            shoffman@hhe-law.com
            sfegely@hhe-law.com
            *Attorneys for Defendants, City of Allentown and Meloney Sallie-Dosunmu*